UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AARON R. MILLER,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

                Defendant.

CASE NO. C16-5461 RAJ

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Aaron R. Miller seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Dkt. 11. In a decision issued on November 7, 2014, the ALJ found Mr. Miller's obesity; asthma; hypertension; anxiety disorder, not otherwise

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

specified, depressive disorder, not otherwise specified; and learning disorder are severe impairments. The ALJ found these impairments do not meet the Listings, and that Mr. Miller retained the Residual Functional Capacity ("RFC") to perform light work subject to a number of additional limitations. The ALJ concluded that with this RFC, Mr. Miller cannot perform any past relevant work but is not disabled because he could perform other jobs that exist in the national economy. Tr. 13-26. The Appeals Council denied review making the ALJ's decision the Commissioner's final decision. Tr. 1.

Mr. Miller contends the ALJ erred by improperly evaluating: (1) the medical evidence; (2) his testimony; (3) the lay testimony; (4) his RFC; and (5) his ability to perform jobs in the national economy at step five. Dkt 9 at 1. As relief, he asks the Court to remand the case for further administrative proceedings. *Id*. at 17.

For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the matter with prejudice.

## DISCUSSION

The Court may reverse an ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Even then, the Court will reverse the ALJ's decision only if the claimant demonstrates that the ALJ's error was harmful. *Id.*

**A.  Medical Evidence**

Mr. Miller contends the ALJ erroneously assessed the opinions of examining doctor, Kathleen S. Mayers, Ph.D., and the opinions of non-examining doctors, Guillermo Rubio, M.D., and Matthew Comrie, Psy.D. The ALJ must provide "clear and convincing reasons" to reject the uncontradicted opinion of an examining doctor. *Lester v. Chater*, 81 F.3d 821, 830, 831 (9th Cir.

1996). When contradicted, a treating doctor's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.*

### 1. *Dr. Mayers*

Mr. Miller contends the ALJ gave "significant weight" to Dr. Mayers' opinions but "did not state any valid basis for rejecting any of Miller's reports about the symptoms and limitations he experiences as a result of depression and anxiety." Dkt. 9 at 3. The argument is misguided. First, Mr. Miller does not claim and has not shown that the ALJ failed to consider or incorporate limitations that Dr. Mayers' assessed. Accordingly, there is no basis to conclude the ALJ erroneously evaluated Dr. Mayers' opinion as Mr. Miller claims.

Second, the argument focuses on Mr. Miller's statements to the doctor about the severity of his symptoms, not Dr. Mayers' opinions about Mr. Miller's functioning. In her report, Dr. Mayers set forth Mr. Miller's descriptions of his symptoms and limitations. Tr. 350-54. The record, however, does not establish that Dr. Mayers adopted Mr. Miller's descriptions of his limitations or incorporated them into her opinion about his ability to perform work. To the contrary, Dr. Mayers opined Mr. Miller can understand, remember and carry out three-stage instructions as well as detailed tasks; that he can interact with others in a work setting; that his memory is fair to average for tasks presented; that his fund of knowledge and concentration are good; that his judgment varies from poor to fairly good; that he can maintain attention and concentration through a normal eight-hour workday; that he can tolerate changes in a competitive work situation; that he can probably handle his own funds and had fair math skills; and that he should consider employment in an area other than trucking. Tr. 355. The ALJ accepted this opinion with one exception: that Mr. Miller is limited to simple, routine tasks. *Id.*

To the extent Mr. Miller urges the Court to find the ALJ should have adopted only the statements he made to Dr. Mayers, the argument is unsustainable because it would render the doctor's opinion superfluous. The argument that the ALJ should simply disregard a medical opinion in favor of the claimant's testimony violates the ALJ's duty to consider all relevant medical opinions setting forth functional limitations in assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a) (To properly determine plaintiff's RFC to work, the ALJ is required to consider all of the relevant medical opinions).

In sum, the ALJ adopted the doctor's opinions and Mr. Miller fails to establish the ALJ erroneously omitted a limitation found by Dr. Mayers. Mr. Miller's argument asks the Court to fault the ALJ for failing to incorporate limitations that Dr. Mayers herself did not incorporate in her opinion about his ability to perform work. The Court declines to do so and affirms the ALJ's determination.

### *2. Dr. Rubio*

Mr. Miller contends the ALJ erroneously evaluated Dr. Rubio's opinion because the ALJ failed to give convincing reasons to reject Mr. Miller's testimony. Dkt. 9 at 5. The ALJ found that in Dr. Rubio's opinion, Mr. Miller can lift/carry 20 pounds occasionally and 10 pounds frequently; can stand and walk six hours in an eight hour work day; can occasionally stoop, kneel, crouch, and should avoid ropes, ladders, heights and concentrated exposure to hazards. Tr. 22. The ALJ accepted the opinion with an additional limitation: that due to obesity, Mr. Miller had additional walking and sitting limitations. *Id.* The ALJ incorporated all of the limitations set forth by Dr. Rubio into Mr. Miller's RFC determination with additional limitations the ALJ concluded were caused by obesity. Tr. 15.

As with the argument he made with respect to Dr. Mayers, Mr. Miller's argument regarding Dr. Rubio again improperly focuses on Mr. Miller's statements, not Dr. Rubio's opinions, and again asks the Court to fault the ALJ for failing to incorporate limitations that Dr. Rubio did not incorporate in his opinion about Mr. Miller's work ability. The Court also notes that a claimant's testimony is not a sufficient basis to reject a medical opinion. To the contrary, the ALJ can reject testimony given by a claimant when it is inconsistent with the medical evidence. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (The ALJ may consider inconsistencies between claimant's testimony and testimony from physicians concerning the nature, severity, and effect of the symptoms of which claimant complains.). Thus, the fact Mr. Miller testified he is more limited than Dr. Rubio opined is not grounds to reject the doctor's opinion. Accordingly, the Court affirms the ALJ's determination.

### *3. Dr. Comrie*

Mr. Miller contends the ALJ erred in giving significant weight to Dr. Comrie's opinion, arguing Dr. Comrie's opinion is "internally inconsistent." Dkt. 9 at 5. Mr. Miller's argument revolves around the doctor's finding that:

> Clmt's anxiety and low mood would occasionally interfere complying with a schedule, and sustaining a consistent pace; however clmt can focus adequately on most tasks and meet scheduled requirements a vast majority of the time.

Tr. 111. Mr. Miller argues occasional interference which means "up to one-third of the time," is inconsistent with the doctor's finding that he can "focus adequately on most tasks and meet scheduled requirements a vast majority of the time." Dkt. 9 at 5. The Court rejects the argument.

The Court is empowered to determine whether the ALJ's determination is supported by substantial evidence—such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion. *See Smolen*, 80 F.3d at 1279. By this standard the Court cannot say it was unreasonable for the ALJ to accept Dr. Comrie's opinion. Mr. Miller's claim of internal inconsistency is not supported by the record. Mr. Miller argues "occasionally" means up to one-third of the time, not one-third of the time. Dkt. 9 at 5. The distinction is important because Dr. Comrie qualified his opinion that Mr. Miller's mental problems would "occasionally interfere," with a concluding sentence that Mr. Miller could "focus adequately on most tasks and meet scheduled requirements a vast majority of the time." Tr. 111. The only reasonable interpretation of the doctor's opinion is that Dr. Comrie found Mr. Miller had mental limitations, but nonetheless retained the ability to focus on most tasks, and meet scheduling requirements "most" of the time. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court must examine the entire record, but cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Given the record here, the Court rejects Mr. Miller's argument that the doctor's opinion is internally inconsistent and that it was unreasonable for the ALJ to accept it.

The Court also notes and rejects Mr. Miller's implication[2] that the ALJ erred in accepting Dr. Comrie's opinion because it is inconsistent with Mr. Miller's testimony about the severity of his limitations. As discussed above, Mr. Miller's testimony is not a sufficient basis to reject a medical opinion.

**4.     Other Medical Opinions**

---

[2] "The ALJ erred by failing to acknowledge that the clinical findings in Miller's medical records fully support his testimony about his limitations." Dkt. 9 at 6.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 6

Mr. Miller also notes there are other medical providers of record: John C. Bausher, M.D., Ph.D.; Julie A. McCormick, D.O; David Juster, D.O.; Robert Yates, M.D.; Merhrdad Razavi, M.D.; and Justin Marasigan, D.O. Dkt. 9 at 3-4. Mr. Miller provides no explanation as to how or why the ALJ erred in regards to any of these providers. Thus he has failed to carry his burden of proof to establish the ALJ harmfully erred and also waived argument that the ALJ harmfully erred in assessing the opinions of these medical providers. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at * 2 (unpublished opinion) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *see also Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)( "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

**B.     Mr. Miller's Testimony**

Mr. Miller argues the ALJ erred in rejecting his testimony. Dkt. 9 at 6-12. The ALJ found the medical evidence of Mr. Miller's underlying impairments might reasonably produce the symptoms alleged and did not find that Mr. Miller was malingering. Tr. 17. Consequently, the ALJ was required to provide specific, clear and convincing reasons for rejecting Mr. Miller's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment. *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

Mr. Miller contends the ALJ erroneously rejected his testimony as not supported by the medical evidence. He argues the ALJ simply recited the medical record which is legally insufficient under *Brown-Hunter v. Colvin*. Dkt. 9 at 7; *Brown-Hunter*, 806 F.3d 487. The Court in *Brown-Hunter* reaffirmed the well-established principle that because a district court cannot substitute its conclusions for the ALJ's or speculate as to the grounds for the ALJ's conclusions, the ALJ must provide "some reasoning in order for the court to meaningfully determine whether the ALJ's conclusions are supported by substantial evidence." *Brown-Hunter*, 806 F.3d at 494. The defect the Ninth Circuit identified is the way in which the district court "pieced together medical evidence identified by the ALJ that it found inconsistent" with the claimant's allegations in concluding that the "ALJ identified several inconsistencies" between the claimant's testimony and the medical record. *Id.* 491. Under these circumstances the district court did exactly what it should not do, make findings to fill the gap created by the ALJ's failure to do so.

In contrast to the ALJ's decision in *Brown-Hunter*, the ALJ here did not reject Mr. Miller's testimony relying on a conclusory statement and an untethered recitation of the medical record. *See Brown-Hunter*, 806 F.3d 487. The ALJ specifically determined the overall medical record indicates Mr. Miller can perform activities within the assessed RFC. Tr. 17. However, rather than stopping there, the ALJ proceeded to describe specific portions of the medical record supporting his finding. Tr. 17-22. Unlike *Brown-Hunter*, the Court in this case need not make findings about the medical record that the ALJ failed to make in order to support the ALJ's rejection of Mr. Miller's testimony, or speculate about the basis of the ALJ's determination. *See Brown-Hunter*, 806 F.3d 487. The Court need not guess as to the basis of the ALJ's determination because the ALJ clearly indicated what medical evidence he found undermined Mr. Miller's testimony. Accordingly the Court rejects Mr. Miller's argument that under *Brown-*

*Hunter*, the ALJ erroneously rejected his testimony as not supported by the medical evidence.[3] *See Brown-Hunter*, 806 F.3d 487.

Mr. Miller also argues the ALJ erred in rejecting his testimony as inconsistent with his activities of daily living. He contends his "limited, sporadic activities do not show that he could perform any type of full-time competitive work activity." Dkt. 9 at 8. The ALJ found Mr. Miller's daily activities to be inconsistent with his claim that he is disabled. Tr. 24. Specifically, the ALJ found Mr. Miller was independent in his personal care; he could drive his children to and from school and prepare meals using a stool; he could play video games though he could not sit for long; and he told Dr. Mayers he could use a computer. Tr. 21, 354. The ALJ found these activities to be consistent with the ability to perform a job that involved standing for no more than 15 minutes and sitting for no more than 30 minutes. *Id.*

The ALJ also found that in his function report, Mr. Miller stated he has no difficulties paying attention and could follow instructions fairly well; that he indicated he could get along with others well, handle stress well and handle changes fairly well; that he had good relationships with his family members and friends; could use a computer; and enjoyed a number of activities including fishing, video games, movies, caring for his chickens and garden and spending time with friends. Tr. 14-15, 262-269. The ALJ concluded that Mr. Miller's own descriptions of his activities are consistent with the ability to perform simple, routine tasks as set forth in his RFC and decision. *Id.*

---

[3] Mr. Miller also argues the ALJ erred because the medical evidence supports his testimony. The argument is foreclosed because it relies on his claim that the ALJ erred in assessing the medical opinions above, a claim that the Court rejects.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 9

Mr. Miller presents nothing demonstrating the ALJ's findings lack support in the record. Rather, he argues his activities do not capture the true nature of his limitations and that, as he testified, he struggles with performing many daily activities. However, even if Mr. Miller's view of his ability to perform daily activities suggests some difficulty functioning, the ALJ may rely upon a claimant's activities as grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *See Molina*, 674 F.3d at 1113. This is what the ALJ did here. The ALJ considered and rejected Mr. Miller's testimony that he is disabled on the grounds that the activities discussed above show that Mr. Miller is more functional than he claims.

Even if Mr. Miller's alternative interpretation of his activities is also reasonable, the Court cannot say the ALJ's findings lack support in the record, and cannot say the ALJ's finding that Mr. Miller's activities show he is more functional than he claims is unreasonable. Under these circumstances, the Court is required to affirm the ALJ's determination. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008) (When the evidence is susceptible to more than one rational interpretation, the court must affirm the ALJ's findings if they are supported by inferences reasonably drawn from the record.).

**C.     Lay Testimony**

Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). In order to discount competent lay witness testimony, the ALJ "must give reasons that are germane to each witness," *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993). Here, the ALJ considered the lay testimony of Nancy Wilson, Mr. Miller's girlfriend, and Chris Corbin, a friend and roommate. Tr. 23.

### 1. Ms. Wilson

Ms. Wilson testified about Mr. Miller's physical and mental limitations. Tr. 297-301. Turning first to physical limitations, the ALJ found Ms. Wilson's testimony was generally consistent with Mr. Miller's claims about his activities, need to change positions and difficulty with standing or waling for more than 15 minutes and sitting for more than 30 minutes, and that the RFC determination thus accommodates the physical limitations that Ms. Wilson described. Tr. 23, 297-301.

Mr. Miller argues the ALJ erred because he did not fully account for all of the physical limitations Ms. Wilson described. Dkt. 9 at 14-15. The argument is unpersuasive because it relies upon the assumption that the ALJ erred in assessing Mr. Miller's testimony and the medical evidence. That is, Ms. Wilson's testimony reflects Mr. Miller's claims that he is disabled, and Mr. Miller's interpretation of the medical record, and the ALJ therefore should have included all limitations that she described. However, as discussed above the ALJ did not err in this respect. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (Where an ALJ has provided clear and convincing reasons for finding a claimant not fully credible, those reasons are germane reasons for rejecting similar lay witness testimony.). Thus, the Court rejects Mr. Miller's argument that the ALJ erroneously omitted physical limitations about which Ms. Wilson testified.

As to Ms. Wilson's testimony about Mr. Miller's mental limitations, the ALJ found:

> Although Ms. Wilson indicates that the claimant has difficulty with his memory and needs some reminders, a mental status examination demonstrated memory abilities consistent with simple, routine tasks, as described in the residual functional capacity herein.

Tr. 23. An inconsistency between lay testimony and the medical evidence is a germane reason to discount the lay testimony. *See, e.g., Burdon v. Colvin*, 650 Fed. Appx 535, 537 (9th Cir. 2016) (As the ALJ pointed out, Burdon's medical records were inconsistent with her mother's statements).

### 2. Mr. Corbin

Mr. Corbin provided a statement regarding his observations of Mr. Miller's physical functioning. Tr. 23, 302-306. The ALJ considered Mr. Corbin's statement and determined it did not:

> indicate limitations beyond those accommodated in the residual functional capacity herein. Again, the undersigned notes that the residual functional capacity herein takes into account the credible degree of the claimant['s] subjective complaints of sitting and standing for long periods of time and limits those activities.

*Id.* Mr. Miller argues that "none of these reasons are supported by substantial evidence, and they are not germane reasons to reject Mr. Corbin's observations." Dkt. 9 at 15. The argument like the one raised regarding Ms. Wilson relies upon the assumption that the ALJ erred in assessing Mr. Miller's testimony and the medical evidence. But as discussed above, the ALJ did not err in this respect. The ALJ therefore provided a germane reason supported by substantial evidence to reject Mr. Corbin's statement.

The Court also notes the lay witnesses provided testimony that does not describe any limitation not already described by the claimant, i.e., both Mr. Miller and the lay witnesses stated that Mr. Miller was less functional than the ALJ found. Here the ALJ properly rejected Mr. Miller's testimony about the severity of his limitations on the grounds that the claims were inconsistent with the medical record, and his activities of daily living. The ALJ's well-supported reasons for rejecting Mr. Miller's testimony apply equally well to the lay witness testimony.

Thus, even if the Court assumed the ALJ erred in assessing the lay testimony, the failure would be harmless. *See Molina*, 674 F.3d at 1122.

**D.     Step-Five Determination**

Mr. Miller contends the ALJ erred in finding at step-five that there are jobs in the national economy that he can perform and is therefore not disabled. The argument is foreclosed because it rests on the arguments Mr. Miller made above, and which the Court rejects.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 30th day of June, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge